# In the United States Court of Federal Claims

No. 20-735C
(Filed: February 9, 2023)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| STEPHEN P. HOWELL, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **OPINION AND ORDER**

After the parties agreed to a voluntary remand, the Board for Correction of Naval Records ("BCNR") gave Plaintiff relief sufficient for disposition of the case, and this Court entered judgment. *See* Def.'s Mot. for Voluntary Remand & Mot. to Stay (ECF 7); Pl.'s Resp. to Mot. for Voluntary Remand & Mot. to Stay (ECF 9); Remand Order (ECF 10); Def.'s Status Report (ECF 42); Pl.'s Notice Pursuant to RCFC 52.2(e) (ECF 44); Dismissal Order (ECF 46). Plaintiff now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Application (ECF 45); Def.'s Resp. to Application (ECF 53); Pl.'s Reply (ECF 54).

The EAJA authorizes, under some circumstances, payment of attorney's fees to "a prevailing party other than the United States." 28 U.S.C. § 2412(d)(1)(A). A remand to an agency can confer "prevailing party" status if it amounts to relief on the merits upon a finding of government error. *Gurley v. Peake*, 528 F.3d 1322, 1327 (Fed. Cir. 2008); *Former Emps. of Motorola Ceramic Prod. v. United States*, 336 F.3d 1360, 1363–64, 1366 (Fed. Cir. 2003) (discussing *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598 (2001)). But a litigant does not qualify as a "prevailing party" when the United States *voluntarily* changes its position. *Motorola*, 336 F.3d at 1363–64. The litigant thus must point to indications in the remand order or elsewhere in the record to show that he obtained remand by proving error. *Silva v. United States*, 138 Fed. Cl. 325, 330 (2018); *Davis v. Nicholson*, 475 F.3d 1360, 1366 (Fed. Cir. 2007).

The Court's remand order did not find error or reach the merits of Plaintiff's claims in any way. Rather, the Court remanded for consideration of all issues based on any new evidence the parties wished to provide. *See* Remand Order. That does not make Plaintiff a prevailing party. *See Davis*, 475 F.3d at 1366. The application for

fees is therefore **DENIED**. I do not reach the parties' other arguments about the propriety of fees.

**IT IS SO ORDERED**.

<u>s/ Stephen S. Schwartz</u>
STEPHEN S. SCHWARTZ
Judge